# In the United States Court of Federal Claims

No. 09-349 L
(Filed: July 1, 2009)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRIAN WADSWORTH, for Himself and as Representative of a Class of Similarly Situated Persons, | * * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On June 1, 2009, plaintiff filed a complaint in the above-captioned on behalf of himself and unnamed putative class members.[1]  Plaintiff has not yet moved to certify a class.  Out of an abundance of caution, the court directs plaintiff's attention to a recent decision from the United States Court of Federal Claims–Fauvergue v. United States, 86 Fed. Cl. 82, 84-94 (2009), appeal docketed, No. 2009-5048 (Fed. Cir. Mar. 10, 2009).  In factual circumstances that appear to be substantially similar to the instant case, the court in Fauvergue held that binding precedent from the United States Supreme Court and the United States Court of Appeals for the Federal Circuit necessitated that "[p]utative members of an opt-in class action in the Court of Federal Claims must opt in before the expiration of 28 U.S.C. § 2501." Id. at 93.  But see Kandel v. United States, 85 Fed. Cl. 437, 439-41 (2009) (holding that "the commencement of a class action suspends the applicable statute of limitations to all members of the asserted class," including an opt-in class action in the Court of Federal Claims).  Section 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

In the instant case, plaintiff's claim accrued on September 3, 2003–the date that the Surface Transportation Board issued a Notice of Interim Trail Use.  See Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) ("[T]he appropriate triggering event for any takings claim under the Trails Act occurs when the [Notice of Interim Trail Use] is issued.").  Thus, in

---

[1]  According to the allegations in the complaint, "[t]he proposed class is . . . numerous . . . .  Plaintiff has determined that the right-of-way is comprised of over 465 individual parcels, with over 275 individuals or entities owning fee parcels along the right-of-way." Compl. ¶ 13.

the event that the undersigned reaches the same conclusion as the court in <u>Faveregue</u>[2]–or, if the Federal Circuit affirms the decision in <u>Faveregue</u>–the undersigned would only possess jurisdiction to entertain the claims of those landowners who were members of a certified class on or before September 3, 2009.  Accordingly, if plaintiff wishes to avoid the possibility that putative class members may be precluded from having their claims considered by this court, he shall take the necessary actions–whether it be a pursuit of class certification or the filing of separate complaints (along with Notices of Directly Related Case(s) pursuant to Rule 40.2 of the Rules of the United States Court of Federal Claims)–posthaste.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[2]  Neither <u>Faveregue</u> nor <u>Kandel</u> is binding on the undersigned.  <u>See</u> <u>W. Coast Gen. Corp. v. Dalton</u>, 39 F.3d 312, 315 (Fed. Cir. 1994) (noting that prior decisions of the Court of Federal Claims, "while persuasive, do not set binding precedent for separate and distinct cases" in the Court of Federal Claims).